**DICKINSON WRIGHT PLLC**
GABRIEL A. BLUMBERG
Nevada Bar No. 12332
3883 Howard Hughes Parkway, Suite 800
Las Vegas, Nevada 89169
Tel.: (702) 550-4400
Fax: (844) 670-6009
gblumberg@dickinson-wright.com

*Attorneys for Plaintiff Farmers New World Life Insurance Company*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| FARMERS NEW WORLD LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>BRITTANY HARRIS,<br><br>BELLA HARRIS,<br><br>BEBE HARRIS,<br><br>and<br><br>BRIAN HARRIS<br><br>    Defendants. | Case No.<br><br>**COMPLAINT FOR INTERPLEADER RELIEF** |

Plaintiff Farmers New World Life Insurance Company ("FNWL"), by its undersigned attorneys, hereby files its Complaint for Interpleader Relief pursuant to Federal Rule of Civil Procedure 22 against Defendants Brittany Harris, Bebe Harris, Bella Harris, and Brian Harris and states as follows:

**Parties**

1.  FNWL is an insurance company incorporated under the laws of the State of Washington with its principal place of business in Bellevue, Washington.

1

2. Brittany Harris ("Brittany") is a citizen of the State of Nevada domiciled in Clark County.

3. Bella Harris ("Bella") is a citizen of the State of Nevada domiciled in Clark County.

4. Bebe Harris ("Bebe") is a citizen of the State of Nevada domiciled in Clark County.

5. Brian Harris ("Brian") is a citizen of the State of Nevada domiciled in Clark County.

**Jurisdiction and Venue**

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship is present as FNWL is a citizen of the State of Washington and Defendants are citizens of the State of Nevada. Furthermore, as more fully set out below, the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

7. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

**Factual Background**

8. On or about May 11, 2016, Christopher Brian Harris (the "Decedent") was issued FNWL life insurance policy number 002310683U with a face amount of $1,000,000 (the "Policy"). Brian was designated as a 33.4% primary beneficiary of the Policy, Bella and Bebe were each designated as 33.3% primary beneficiaries of the Policy. *See* Policy, attached hereto as **Exhibit A**.

9. On or about, October 25, 2019, Brittany and the Decedent entered a Premarital Agreement which states in pertinent part;

> **V. Life Insurance.** Christopher has a $1,000,000 Universal Life Insurance Policy through Farmers Insurance. Currently, Brittany is a beneficiary under said policy entitled to 25% of the proceeds of said policy. Christopher shall not cancel said policy or make any beneficiary changes that decrease Brittany's 25% share.

*See* Premarital Agreement, attached hereto as **Exhibit B**.

10. The Decedent died on October 22, 2024.

11. As a result of the death of the Decedent, the Policy's death benefit became due and payable to the beneficiary or beneficiaries.

12. FNWL, however, has no record of receiving any request to change the beneficiaries of the Policy prior to the Decedent's death. As a result, Brian, Bella and Bebe remained the beneficiaries of record at the percentages set in the Application.

13. Brittany has contested the Policy beneficiary designations, alleging the premarital agreement entitles her to 25% of the Policy death benefits.

14. As a result, FNWL is unable to determine the proper beneficiary or beneficiaries as to $250,000 (25%) of the Policy death benefit.[1]

## Count One

## Interpleader Relief

15. FNWL incorporates Paragraphs 1-14 herein by reference.

16. As a result of the foregoing, there exists actual or potential rival, adverse, and conflicting claims to the death benefit described above, and FNWL is unable to discharge its admitted liability without exposure to multiple liability, multiple litigation, or both.

17. FNWL is an innocent stakeholder seeking to interplead funds into the Court's Registry to resolve conflicting claims and potential rights to the benefits due and owing under the Policy.

18. FNWL neither has, nor claims, any interest in the death benefit under the Policy and at all times has been willing to pay the death benefit to the person or persons entitled to them.

---

[1] As of the time of this filing, FNWL has approved and begun processing payment of the uncontested 75% portion of the death benefit to Brian, Bella, and Bebe.

19. FNWL should not be compelled to become involved in the dispute or contentions of the competing claimants, and the competing claimants should be ordered to litigate amongst themselves without further involvement of FNWL.

20. FNWL has in no way colluded with any of the parties named herein concerning the matters of this case. FNWL has filed this Complaint for Interpleader Relief of its own free will to avoid multiple liability, multiple litigation, or both.

21. Contemporaneous with the filing of this Complaint for Interpleader Relief, FNWL will move for leave to deposit into the registry of the Court the benefits due and owing under the Policy, plus accrued interest, if any.

22. FNWL alleges that it is entitled to interpleader relief pursuant to Fed. R. Civ. P. 22, and further alleges that it is entitled to recover reasonable attorneys' fees and costs as a result of these proceedings.

## Relief Requested

WHEREFORE, Plaintiff Farmers New World Life Insurance Company requests the following relief:

a. That Defendants be required to make full and complete Answer to this Complaint for Interpleader Relief, and to set forth to which of them the death benefit, or any part thereof, rightfully belongs, and how they make their claims thereto;

b. That this Court determine and declare the rights of the Defendants to the death benefit due and owing under Farmers New World Life Insurance Company Policy Number 002310683U issued to the late Christopher Brian Harris;

c. That Defendants be enjoined from instituting or prosecuting against Farmers New World Life Insurance Company any proceeding in any state or United States Court or administrative tribunal relating to the death benefit payable under Farmers New World Life Insurance Company Policy Number 002310683U issued to the late Christopher Brian Harris and on account of the death of Christopher Brian Harris, and that said injunction issue without bond or surety;

d. That this Court discharge Farmers New World Life Insurance Company of and from any and all further liability under Farmers New World Life Insurance Company Policy Number 002310683U issued to the late Christopher Brian

Harris on account of the death of Christopher Brian Harris;

e. That this Court enter an order awarding Farmers New World Life Insurance Company its costs and attorneys' fees in connection with this action, to be deducted from the death benefit due and owing under Farmers New World Life Insurance Company Policy Number 002310683U issued to the late Christopher Brian Harris;

f. That this Court excuse Farmers New World Life Insurance Company from further attendance upon this cause and dismiss Farmers New World Life Insurance Company from this case, with prejudice; and

g. That this Court grant Farmers New World Life Insurance Company such other and further relief as this Court deems just and equitable.

Dated: July 14, 2025                    Respectfully submitted,

**DICKINSON WRIGHT PLLC**

*/s/ Gabriel A. Blumberg*
GABRIEL A. BLUMBERG (NV Bar No. 12332)

*Attorneys for Plaintiff Farmers New World Life Insurance Company*