**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

FARMERS NEW WORLD LIFE
INSURANCE COMPANY,

    Plaintiff,

v.

BRITTANY HARRIS, et al.,

    Defendants.

Case No. 2:25-cv-01264-APG-NJK

**Order**

[Docket No. 41]

Pending before the Court is Defendants Brian, Bella, and Bebe Harris's motion to seal the Affidavit of Brian Harris. Docket No. 41; *see also* Docket No. 40 (affidavit of Brian Harris). No response was filed. *See* Docket.

There is a strong presumption in favor of the public's access to judicial filings. *See, e.g., Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Documents filed in relation to a non-dispositive matter may not be sealed absent a particularized showing of good cause. *Id.* at 1180. As is clear by the word "particularized," this showing must be specific to the information at bar; conclusory assertions of the existence of sensitive information fail to meet that standard. Moreover, argument of counsel is not enough; an assertion of good cause requires the presentation of evidence, such as a declaration from someone with personal knowledge. *Henderson v. Aria Resort & Casino Holdings, LLC*, 2023 WL 4288830, at *1 (D. Nev. June 29, 2023) (collecting cases). The fact that a sealing request may be unopposed does not automatically result in it being granted because the Court is tasked with protecting the public's interest in transparency. *Allegiant Travel Co. v. Kinzer*, 2022 WL 2819734, at *1 n.1 (D. Nev. July 19, 2022). Similarly, the mere fact that a document may be designated as confidential pursuant to a stipulated protective order does not justify secrecy for a document filed with the Court. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

1

Any request to seal must also be "narrowly tailored" to remove from the public sphere only material that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021) (citing *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016)).  To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. *See Foltz*, 331 F.3d at 1137; *see also in re Roman Catholic Archbishop of Portland in Ore.*, 661 F.3d 417, 425 (9th Cir. 2011).

The filing at issue is the affidavit of Brian Harris, which was filed in connection with the pending motion to disqualify the law firm Lee Kiefer & Park.  Docket No. 40; *see also* Docket No. 39.  Defendants Brian, Bella, and Bebe Harris submit that the affidavit includes information and legal advice that he obtained during his consultations with legal professionals at Lee Kiefer & Park in or about March 2025.  Docket No. 41 at 2.  Further, Defendants submit that the discussion of communications contained in the affidavit are protected by the attorney-client privilege and should not be published in a public manner because they are privileged and these movants do not waive that privilege of confidential communications. *Id.*  Additionally, Defendants submit that Nevada Rule of Professional Conduct 1.18 protects communications made by a prospective client. *Id.* Moreover, Defendants submit that disclosing the confidential communications potentially causes more harm to these movants than they have already suffered. *Id.*

Defendants fail to make any showing as to whether redaction of the confidential communications at issue is appropriate. *See* Docket No. 41.  It appears to the Court that paragraph 13 of the affidavit is the only paragraph which contains discussion about legal advice and communications. *See* Docket No. 40 at 5.  Given that any request to seal must be "narrowly tailored" and that the legal advice and communications at issue constitute only a portion of the affidavit, the Court orders Defendants Brian, Bella, and Bebe Harris to file a redacted version of the affidavit which protects only the material in the affidavit that warrants secrecy. *Harper v. Nev. Prop. 1, LLC*, 552 F. Supp. 3d 1033, 1040- 41 (D. Nev. 2021)

Accordingly, the Court **GRANTS** the motion to seal in part.  Docket No. 41.  The Clerk's Office is **INSTRUCTED** to maintain the exhibit under seal.  Docket No. 40.  The Court **ORDERS** Defendants to file a redacted version of the affidavit on the public docket by June 10, 2026.

IT IS SO ORDERED.

Dated: June 4, 2026.

_____
Nancy J. Koppe
United States Magistrate Judge

3